**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| JOHN MCNAUGHTON ENGLISH, Sr., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-cv-065 (MTT) (CHW) |
| | : | |
| Warden DOUG WILLIAMS, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Petitioner John McNaughton English, Sr., has filed a Petition for habeas corpus relief under 28 U.S.C. § 2254. Respondent Doug Williams moves the Court to dismiss Petitioner's Petition as untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d). Because Petitioner failed to file his Petition within AEDPA's 1-year period of limitation, and because Petitioner is not entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 7) be **GRANTED**, and that the instant Petition be **DISMISSED**.

## PROCEDURAL HISTORY

Petitioner's Section 2254 petition relates to three different criminal indictments, and to two different criminal judgments. The first judgment, which is dated June 30, 2005, was pursuant to a negotiated guilty plea Petitioner entered to a single count of "Possession of a Firearm by a First Offender Probationer" in case number 04C-14, (Doc. 9-1, pp. 1–8), and also to seven counts of "Possession of a Firearm While a First Offender Probationer" and to two counts of "Theft by Receiving Stolen Property" in case number 04C-187. (Doc. 9-1, pp. 19–26). Petitioner also pleaded "nolo contendere" to a third Theft-by-Receiving charge in case number 04C-187, as well

1

as to charges of "Hunting Wildlife from a Motor Vehicle" (two counts); "Hunting at Night" (two counts); "Hunting from a Roadway"; and "Discharging a Firearm from a Public Roadway" in case number 04C-145. (Doc. 9-1, pp. 11–12). As a result of his plea, Petitioner was sentenced to serve 25 years. (Doc. 1, pp. 3–4; Doc. 9-2, pp. 3–4).

The second judgment, which is dated August 4, 2005, pertains to three additional charges in case number 04C-187: two counts of "Criminal Solicitation to Commit Murder," and one count of "Criminal Solicitation to Concealing the Death of Another." (Doc. 1, pp. 3, 30; Doc. 9-2, pp. 3–4). The record indicates that Petitioner elected to sever these three charges in order to pursue a jury trial. A Lamar County jury convicted Petitioner of all three charges on July 22, 2005, and Petitioner's sentence—an additional thirteen years—was handed down on August 4, 2005. (Doc. 1-28, pp. 1–2; Doc. 1-29, pp. 1–2; Doc. 9-2, p. 4). Petitioner filed a Motion for New Trial on August 17, 2005, which he claims was denied by the trial court on June 25, 2007. (Doc. 1, p. 5; Doc. 1-1, pp. 1–10; Doc. 9-2, pp. 4–5; Doc. 9-3, p. 15). Petitioner then appealed on June 28, 2007, (Doc. 1, p. 5), but the Georgia Court of Appeals affirmed on March 19, 2008, *see English v. State*, 290 Ga. App. 378, and the Georgia Supreme Court denied a petition for certiorari on June 16, 2008. (Doc. 1-31, p. 20).

On June 30, 2009,[1] Petitioner filed a state habeas petition in which he attacked both his guilty-plea and jury-trial convictions. (Doc. 9-3, p. 4). Petitioner's state habeas petition was denied on June 11, 2012, (Doc. 9-3, p. 22), and Petitioner claims that the Georgia Supreme Court subsequently denied his application for certificate of probable cause to appeal on February 18, 2013. (Doc. 1, p. 5).

---

[1] *Cf.* Doc. 1, p. 5 ("I filed a Petition for Writ of Habeas Corpus on July 15, 2010"). The record suggests that Petitioner initially filed his state habeas petition in the Superior Court of Tattnall County, and that Petitioner's habeas case was "subsequently transferred" to the Superior Court of Coffee County. (Doc. 9-3, p. 4).

## GROUNDS FOR RELIEF

Petitioner raises eleven grounds for relief in the instant Section 2254 petition which are based on alleged violations of federal law.[2] Those grounds are:

1. That the Georgia Bureau of Investigation equipped Steven Scott, whom Petitioner wrongfully solicited, with a recording device in violation of the Fourth Amendment;

2. That Petitioner was "compelled or coerced" into making incriminating statements to Steven Scott in violation his Fifth Amendment;

3. That the State "intentionally creat[ed] a situation likely to induce [Petitioner] to make incriminating statements" in violation of the Sixth Amendment;

4. That Petitioner was "compelled and coerced" into making incriminating statements in violation of the Fourteenth Amendment;

5. That the judge presiding over Petitioner's plea and jury-trial proceedings was biased.

6. That Petitioner's plea counsel was ineffective by allowing petitioner to plead guilty unknowingly and unintelligently;

7. That Petitioner's trial counsel was ineffective by failing to object to "multiplicitous sentencing;"

8. That Petitioner was improperly sentenced on each count of possession of a firearm by a first offender probationer because "simultaneous possession of several firearms constitutes only one offense;"

9. That Petitioner's plea counsel was ineffective by failing to providing inaccurate parole information;

10. That Petitioner's plea counsel failed to demur to count five of the indictment in case number 04C-187 "regarding the value of an aluminum jon boat;" and

---

[2] Petitioner also sought to challenge the composition of the Lamar County Board of Jury Commissioners under Georgia Law. (Doc. 1-2, pp. 5–10).

11. That Petitioner's appellate counsel "failed to raise each of these issues, which in turn prejudiced me."

## ANALYSIS

AEDPA provides, in relevant part:

> a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1).

AEDPA further provides that the limitations period is tolled during the time in which a properly filed application for State post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

As indicated previously, (Doc. 10), Petitioner's claims with regard to his June 30, 2005 guilty plea are clearly untimely under AEDPA. Petitioner did not file a direct appeal with regard to this judgment, so it became "final," for purposes of timeliness under AEDPA, 30 days later on August 1, 2005, upon the expiration of the time for filing a notice of appeal under O.C.G.A. § 5-6-38. Petitioner did file a state habeas Petition on June 30, 2009, thereby tolling the AEDPA's clock, but by this time 1,429 days had already passed, and Petitioner's claims regarding the June 30, 2005 judgment were already untimely.

Petitioner's claims with regard to his August 4, 2005 jury-trial conviction are also untimely. Regarding this judgment, AEDPA's clock did not begin to run until September 15, 2008, 90 days after the Georgia Supreme Court's denial of certiorari. *See Pugh v. Smith*, 465 F.3d 1295, 1299–1300 (11th Cir. 2006). Petitioner tolled the clock by filing his state habeas petition on June 30, 2009, but by that time, 288 days had passed. After the Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal, and after the

remittitur was returned to the state habeas court on March 18, 2013, (Doc. 11-1, p. 1), AEDPA's clock again began to run. It expired on June 3, 2013, well before Petitioner filed the instant Section 2254 Petition in February 2014.

Although the doctrine of equitable tolling may allow district courts to review untimely petitions, that doctrine is "typically applied sparingly," and is normally appropriate only where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Nothing in the record indicates that Petitioner filed in an untimely manner due to circumstances beyond his control, (Doc. 1-13, pp. 8–9), and accordingly, equitable tolling is not warranted.

## CONCLUSION

Because Petitioner failed to file his federal habeas corpus petition within AEDPA's 1-year limitations period, and because Petitioner is not entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 7) be **GRANTED**, and that the instant petition be **DISMISSED**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 18th day of November, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
