IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN McNAUGHTON ENGLISH, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-65 (MTT) |
| ) | |
| Warden DOUG WILLIAMS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER**

Before the Court is the Recommendation of Magistrate Judge Charles H. Weigle. (Doc. 12). The Magistrate Judge recommends granting the Respondent's motion to dismiss (Doc. 7) because the Petitioner did not file his 28 U.S.C. § 2254 petition within AEDPA's one-year period of limitations and failed to establish entitlement to equitable tolling. The Petitioner objected to the Recommendation and requested an appointment of counsel and an evidentiary hearing "for habeas corpus relief." (Doc. 13). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Petitioner's objection and made a de novo determination of the portions of the Recommendation to which the Petitioner objects.

On February 18, 2014, the Petitioner filed two separate 28 U.S.C. § 2254 petitions which, when reasonably construed, challenge two different state court judgments. The petition in this case, which was filed first, challenges a judgment, dated June 30, 2005, entered on the Petitioner's guilty plea (Doc. 1 at 1), and the second petition challenges a judgment, dated August 4, 2005, entered on a jury-trial conviction.

*English v. Williams*, No. 5:14-CV-66, 2014 WL 6879392 (M.D. Ga.).  Magistrate Judge Stephen Hyles issued a Recommendation on the second petition regarding the jury-trial conviction which recommended dismissing the petition because the Petitioner did not file his 28 U.S.C. § 2254 petition within AEDPA's limitations period.  *Id.* at *1.  On December 5, 2014, the Court adopted as modified the Recommendation.  *Id.*  Judge Weigle construes the petition now before the Court—the first petition—as seeking habeas corpus relief on the judgments entered on both the guilty plea and the jury-trial conviction.[1]  But again, the petition in this action, reasonably construed, seeks habeas corpus relief only on the judgment entered on June 30, 2005, for the guilty plea.

Accordingly, to the extent Judge Weigle's Recommendation concludes the Petitioner did not file his first petition regarding the conviction on his guilty plea within AEDPA's limitations period, the Court agrees.  The Court disagrees that the first petition seeks relief from the judgment entered on the jury verdict.  As stated above, the Court has already ruled that the second petition regarding the jury-trial conviction was untimely.  Moreover, because the first and second petitions challenge different state court judgments, they are not successive for purposes of 28 U.S.C. § 2244(b).[2]  *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010) (holding 28 U.S.C. § 2244(b)'s bar on successive habeas petitions only applies when the same state court judgment is being challenged by the successive petition); *see also Gonzales v. Crosby*, 545 U.S. 524, 530

---

[1] The Petitioner also asserts in his objection that he is seeking relief on both the judgment entered on the guilty plea and the judgment entered on the jury-trial conviction.  (Doc. 13 at 1).  However, as aforementioned, the two petitions challenge two different state court judgments.  The Petitioner in the first petition specifies he is challenging the judgment dated June 30, 2005 (Doc. 1 at 1), and in the second petition, he specifies he is challenging the judgment dated August 4, 2005.

[2] For future purposes, when the same party files two separate habeas petitions, the Attorney General should notify the Court.

(2005) ("[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction.").

The Court has reviewed the Recommendation and accepts the findings, conclusions and recommendations of the Magistrate Judge except as modified by this Order.  The Recommendation is **ADOPTED as modified** and made the Order of this Court.  Thus, the Petitioner's requests for an appointment of counsel and an evidentiary hearing are moot.  Further, the Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  Therefore, the Respondent's motion to dismiss is **GRANTED**, and a certificate of appealability is **DENIED**.

**SO ORDERED**, this 23rd day of December, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
